

**SO ORDERED.**

**SIGNED this 08 day of February, 2007.**

_____
**JOHN T. LANEY, III
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BARBARA TAMPAS, and | : | CASE NO. 06-70819 JTL |
| | : | |
| NICKY J. TAMPAS | : | CHAPTER 7 |
| Debtors. | : | |
| | : | |

### MEMORANDUM OPINION

Before the Court is the Chapter 7 Trustee's Motion to Void Lien of the United States Department of Justice. A hearing was held on the matter on January 24, 2007. The Chapter 7 Trustee ("Trustee") was present along with a representative of the United States government ("Government'). The parties asked that they be given a ten-day period in which they could submit briefs on the matter. The Court granted a ten-day period and each of the parties submitted argument by brief. After review of the materials submitted by counsel and of the applicable statutory and case

law, the Court, for the reasons set forth below, holds that the motion of the Trustee to void the Government's lien is hereby DENIED WITHOUT PREJUDICE.

## **FINDINGS OF FACT**

Being as no testimony or evidence otherwise was submitted at the January hearing and no stipulation as to the facts was submitted with the parties' briefs, the Court will take the information offered in the briefs as undisputed fact for purposes of deciding this matter. Debtors filed the instant petition seeking Chapter 7 bankruptcy relief on November 3, 2006. Debtor Nicky J. Tampas ("Debtor-Husband"), was a co-defendant in a criminal case before the United States District Court for the Middle District of Georgia.[1] Debtor-Husband was convicted of a crime by the District Court. Through its sentencing order, the court required restitution be paid by Debtor-Husband and his co-defendants, jointly and severally, in the amount of $1,405,821.77.[2] As a result of the conviction and based upon the sentencing order, a judgment lien was issued in favor of the United States on March 31, 2006. The lien was recorded by the Government in the Lowndes County Superior Court on May 3, 2006, exactly six months prior to Debtors' bankruptcy filing.[3] Debtor's home is located in Lowndes County, Georgia, and has been identified by the Trustee as the only possible asset in this case.[4] It is undisputed that the Government's lien was properly recorded and was a valid lien existing at the time Debtors' case was filed.

Debtor-Husband has appealed his criminal conviction to the Eleventh Circuit Court of Appeals where the matter is pending. Among other issues on appeal is whether the District Court

---

[1] Case No. 7:05-CR-5-HL.
[2] Trustee's Brief at 1; Government's Brief at 1.
[3] The lien is recorded at Book No. 0165, Page 262.
[4] Trustee's Brief at 1.

erred in its sentencing order with regard to the restitution amount.[5]  In his appeal, Debtor-Husband is asking that the sentencing order be vacated.  In its brief in reply to Debtor-Husband's appeal, the Government stated in its "Summary of Argument" that:

> [T]he Government concedes that the mandatory order of restitution should be vacated.  The guidelines concept of an intended loss rather than an actual loss is irrelevant for this purpose, and the scope of the order should have been limited to the offenses of conviction and any related, relevant conduct.[6]

The Eleventh Circuit Court of Appeals has yet to issue its decision on Debtor-Husband's appeal.

## DISCUSSION AND CONCLUSIONS OF LAW

In its brief, the Government questions first whether the bankruptcy court has jurisdiction to consider this motion to avoid the lien in question given that the sentencing order on which the lien is based is currently being considered on appeal by the Eleventh Circuit Court of Appeals.  The Court finds no authority for this contention and holds that a pending appeal of an order giving rise to a lien does not deprive the bankruptcy court of jurisdiction over matters arising which relate to a lien involved in a bankruptcy case before the court.  The Government's contention is without merit and is rejected.

The Government next questions the appropriateness of the Trustee bringing this action under § 545 of the Bankruptcy Code ("Code").  The Court concurs with the Government that the lien in question is in fact a judicial lien, rather than a statutory lien, and that it would have been proper for the Trustee to bring an action to avoid the lien under § 544.  Typically, actions under § 544 are brought by way of adversary proceeding, but in the absence of an objection, the Court would consider such an action properly filed when brought by motion.

---

[5] Trustee's Brief at 2; Government's Brief at 1-2.

[6] Government's Brief at 2 (citing Government's Brief to 11th Cir. at 31).

As to the Trustee's challenge of the Government's lien, the Court concludes that the lien was a valid lien existing at the time this case was filed. There is no dispute that the lien was properly recorded in accordance with the sentencing order from which it arose. Absent a ruling from the Eleventh Circuit Court of Appeals vacating the sentencing order on which the lien is based, the lien retains its valid status and is not avoidable. A statement in brief by the Government that the sentencing order should be vacated does not in fact vacate the order or otherwise bind the Government to that position in this Court in regard to this action.

## **CONCLUSION**

As such, the Trustee's motion to void the Government's lien is hereby denied without prejudice pending the outcome of Debtor-Husband's appeal to the Eleventh Circuit and the fate of the sentencing order. Following an adjudication of the appeal, the Trustee will retain the right to bring an appropriate action to void the lien under § 544.